### 51128. JAMES v. HARDEN.

Clark, Judge.

Did the Georgia plan for aid to the permanently and totally disabled which was in force until January 1, 1974, conform to the mandatory provisions of federal law? Our answer is in the affirmative.

After denial of appellant's claim that she was physically disabled, her appeal in this respect was sustained by the hearing examiner who ruled that her mental condition was such that she was eligible for aid to the disabled. Nevertheless, the appeals examiner also ruled she was not entitled to retroactive payments for the months of November and December 1973 because her financial needs for those two months had already been included in computing the financial needs of both husband and wife under the old age assistance grant already paid to the husband.

The final administrative decision which was sustained by the superior court judgment from which this appeal has been taken was based upon the eligibility standards contained in Par. A, Sec. III, Part III of the

Manual of the Public Assistance Section of the Division of Social Administration, State Department of Human Resources. It is therein provided that in order to be eligible for aid to the disabled benefits a person must not have his requirements included in any other public assistance grant. Appellant argues this provision does not conform to the mandatory provisions of Title XIV of the Federal Social Security Act as is required by Code Ann. §  99-2915 (Ga. L. 1965, pp. 385, 393).

Appellant's brief (page 2) states further "that a State Plan and its administration must conform to the mandatory provisions of the Social Security Act and the regulations of HEW, Owens v. Parham, 350 FSupp. 598, 602-603 (D. C., N. D. Ga. 1972), and that a provision of the State Plan or an interpretation thereof which fails to so conform is invalid under the Supremacy Clause. Carleson v. Remillard, 406 U. S. 598 (1972); Townsend v. Swank, 404 U. S. 282 (1971); King v. Smith, 392 U. S. 309 (1968)." Nevertheless, the U. S. Supreme Court noted in Jefferson v. Hackney, 406 U. S. 535, 541 (92 SC 1724, 32 LE2d 285), that the actions by the state under federally assisted welfare programs are valid "So long as the State's actions are not in violation of any specific provision of the Constitution or the Social Security Act . . ."

Our examination of the authorities has led us to the conclusion that the provision under which the hearing examiner ruled adversely to appellant is valid.

It should be observed that our decision deals only with those welfare programs[1] specifically referred to in Art. VII, Sec. II, Par. I (7) of our State Constitution. That paragraph provides that the state's taxing powers may be used "To make provision for the payment of old-age assistance to aged persons in need, and for the payment of assistance to the needy blind, and to dependent children and other welfare benefits." That paragraph further provides "[T]hat no person shall be entitled to the

---

[1] Thus in the case at bar appellant received a variety of welfare payments from the federal government other than the public assistance programs in which the state participates.

assistance herein authorized, who does not qualify for such provisions in every respect, in accordance with enactments of the General Assembly, which may be in force and effect, prescribing the qualifications for beneficiaries hereunder." Code Ann. § 2-5501 (7). The legislative declaration with reference to eligibility for assistance to those totally and permanently disabled specifically requires that the person "[i]s not receiving old age assistance, aid to the blind, or aid to dependent children." Code Ann. § 99-2002 (f) (Ga. L. 1952, pp. 15, 16; 1964, p. 665).

Our state statute does not conflict with the federal statute on this subject as Congress provided with respect to aid to the disabled "That no aid will be furnished any individual under the plan with respect to any period with respect to which he is receiving Old Age Assistance under the State's [Old Age Assistance Plan]." 42 USCA § 1352 (a) (7). Additionally, the regulations promulgated by HEW implement this eligibility requirement of the Social Security Act by prohibiting payment of aid to the disabled where such payment would duplicate other welfare payments. 45 CFR §§ 233.10 (a) (3), 233.20 (a) (3) (vii).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED OCTOBER 20, 1975.

*Michael. P. Froman, Thomas Affleck, III, John L. Cromartie, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, Stephen L. Cotter, Assistant Attorney General,* for appellee.